UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

SEP 2 9 2005

AT _____ O'CLOCK _____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

5:05-CV-1233 DNH-GJD

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MICHAEL J. LAWLER,

Defendant.

---

## FINAL CONSENT JUDGMENT AS TO DEFENDANT MICHAEL J. LAWLER

Plaintiff Securities and Exchange Commission ("Commission"), having filed a complaint ("Complaint") charging that defendant Michael J. Lawler ("Lawler") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)], and Rules 10b-5 and 13b2-1 thereunder [17 C.F.R. §§ 240.10b-5 and 240.13b2-1], and charging that Lawler aided and abetted violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, or 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], and Lawler having executed the Consent of Defendant Michael J. Lawler ("Consent") annexed hereto and incorporated herein, having waived service of the summons and Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action and, without admitting or denying the allegations contained

in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Final Consent Judgment as to Defendant Michael J. Lawler ("Final Consent Judgment"), without further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Lawler and Lawler's agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Consent Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme or artifice to defraud;

    (b)      to obtain money or property by means of an untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lawler and Lawler's agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Consent Judgment by personal service or

otherwise are permanently enjoined and restrained from violating, directly or indirectly, Sections

10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. §

240.10b-5], by using any means or instruments of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any

security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or omitting to state a material fact

        necessary in order to make the statements made, in the light of the circumstances

        under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would

        operate as a fraud or deceit upon any person.

### III.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Lawler and Lawler's agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Consent Judgment by personal service or otherwise are

permanently restrained and enjoined from, directly or indirectly:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal

        accounting controls or knowingly falsifying any book, record or account described

        in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], in violation of

        Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]; or

    (b)    falsifying, or causing to be falsified, any book, record or account subject to

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], in violation

of Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Lawler

and Lawler's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Consent Judgment by personal

service or otherwise are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1,

and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by knowingly

providing substantial assistance to an issuer that:

(a)     fails to file with the Commission any report required to be filed with the

Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)],

and the rules and regulations promulgated thereunder; or

(b)     files with the Commission a report required to be filed with the Commission

pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules

and regulations promulgated thereunder that (1) contains an untrue statement of

material fact; (2) fails to include, in addition to the information required to be

stated in such report, such further material information as may be necessary to

make the required statements, in light of the circumstances under which they are

made, not misleading; or (3) fails to disclose any information required to be

disclosed therein.

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lawler and

Lawler's agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Consent Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and

78m(b)(2)(B)], by knowingly providing substantial assistance to an issuer that:

    (a)    fails to make and keep books, records and accounts, which, in reasonable detail,

            accurately and fairly reflect the transactions and dispositions of the assets of an

            issuer; or

    (b)    fails to devise and maintain a system of internal accounting controls sufficient to

            provide reasonable assurances that:

        (1)    transactions are executed in accordance with managemen's general or

                specific authorization;

        (2)    transactions are recorded as necessary to permit preparation of financial

                statements in conformity with generally accepted accounting principles, or

                any other criteria applicable to such statements, and to maintain

                accountability for assets;

        (3)    access to assets is permitted only in accordance with management's

                general or specific authorization; and

        (4)    the recorded accountability for assets is compared with the existing

5

assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Consent Judgment shall be binding upon defendant Lawler and Lawler's agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Consent Judgment by personal service or otherwise.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent are incorporated in this Final Consent Judgment with the same force and effect as if fully set forth herein and that Lawler shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Consent Judgment.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that plaintiff Commission may effect service of this Final Consent Judgment, and all other papers in this action, by sending a copy via first-class mail to Defendant's attorney in this action, Emil M.

Rossi, Esq., The Hamilton White House, 307 South Townsend Street, Syracuse, New York 13202, or any other attorney entering an appearance for the Defendant in this action.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Consent Judgment forthwith and without further notice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## CONSENT OF DEFENDANT MICHAEL J. LAWLER

1.      Defendant Michael J. Lawler ("Lawler"), being fully apprised of his rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the Final Consent Judgment as to Defendant Michael J. Lawler ("Final Consent Judgment"), waives service of a summons and the complaint in this action, enters a general appearance, and appears and admits the jurisdiction of this Court over him and over the subject matter of this action.

2.      Without admitting or denying the allegations of Complaint (except as to personal and subject matter jurisdiction, which Lawler admits), Lawler hereby consents to the entry of the Final Consent Judgment, which among other things:

> (a)      permanently restrains and enjoins Lawler from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 15 U.S.C. § 78m(b)(5)], and Rules 10b-5 and 13b2-1 [17 C.F.R. § 240.10b-5 and 17 C.F.R.§ 240.13b2-1]; and

> (b)      permanently restrains and enjoins Lawler from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, or 240.13a-13].

3.      Lawler agrees that this Consent of Defendant Michael J. Lawler ("Consent") shall be incorporated by reference in, and made part of, the Final Consent Judgment to be presented to

the Court for signature, filing, and entry contemporaneously herewith and shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

4.    Lawler waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

5.    Lawler acknowledges that any willful violation of any of the terms of the Final Consent Judgment may place him in contempt of this Court and subject him to civil or criminal sanctions.

6.    Lawler admits that he enters into this Consent voluntarily, represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent, and that this Consent and the Final Consent Judgment embody the entire understanding between himself and plaintiff Securities and Exchange Commission ("Commission").

7.    Consistent with 17 C.F.R. 202.5(f), Lawler acknowledges and agrees that this proceeding, and his consent to the entry of the Final Consent Judgment, are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat, or representation of any kind has been made by the Commission or any member, officer, attorney, agent, or representative thereof with regard to: (a) this civil action, that is not explicitly stated in this Consent and the Final Consent Judgment; (b) any administrative proceeding brought or to be brought before the Commission involving the Final Consent Judgment or the facts underlying this action; (c) any other Commission civil action or administrative proceeding not involving the facts underlying

9

this action; (d) any administrative, civil, or criminal liability arising from the facts underlying this

action in any action or proceeding brought or to be brought by any third party, other agency or

criminal authority; or (e) immunity from any such administrative, civil, or criminal action or

proceeding.

8.    Lawler acknowledges that he has been informed and understands that the

Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any

information or evidence gathered in connection therewith or derived therefrom, to any person or

entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not

already done so.

9.    Lawler waives any claim of Double Jeopardy based upon the settlement of this

proceeding, including the imposition of any remedy or civil penalty herein.  Lawler further

acknowledges that that the Court's entry of a permanent injunction may have collateral

consequences under federal or state law and the rules and regulations of self-regulatory

organizations, licensing boards, and other regulatory organizations.  Such collateral

consequences include, but are not limited to, a statutory disqualification with respect to

membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in

an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission

based on the entry of the injunction in this action, Lawler understands that he shall not be

permitted to contest the factual allegations of the Complaint in this action.

10.    Lawler understands and agrees to comply with the Commission's policy "not to

permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings." 17 C.F.R. § 202.5(e).  In compliance with this policy, Lawler agrees: (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, Lawler hereby withdraws any papers filed in this action to the extent that they deny any allegations contained in the Complaint.  If Lawler breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to the Court's active docket.  Nothing in this provision affects Lawler's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

11.     Lawler agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Consent Judgment and for all other purposes.

12.     Lawler hereby consents and agrees that the annexed Final Consent Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

13.     Lawler will not oppose enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon.

14.     Lawler waives service of the Final Consent Judgment and agrees that entry of the

11

Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice

to Lawler of its terms and conditions.  Lawler agrees to execute and provide to the Commission a

written declaration pursuant to 28 U.S.C. § 1746 acknowledging his receipt of the Final Consent

Judgment no later than twenty (20) business days after a copy of the Final Consent Judgment has

been forwarded to Lawler's counsel, Emil Rossi Esq., The Hamilton White House, 307 South

Townsend Street, Syracuse, New York 13202.

15.    Lawler hereby waives any rights under the Equal Access to Justice Act, the Small

Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek

from the United States, or any agency, or any official of the United States acting in his or her

official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses,

or costs expended by Lawler to defend against this action.  For these purposes, Lawler agrees that

he is not the prevailing party in this action since the parties have reached a good faith settlement.

16.    Lawler waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

17.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Lawler: (a) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (b) will accept service by mail or facsimile

transmission of notices or subpoenas for documents or testimony at depositions, hearings, or

trials, or in connection with any related investigation by Commission staff; (c) with respect to

such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the

Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Lawler's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (d) consents to personal jurisdiction in any United States District Court for purposes of enforcing any such subpoena.

18.     Lawler agrees that first-class and certified mail to Lawler's attorney in this action, Emil M. Rossi, Esq., The Hamilton White House, 307 South Townsend Street, Syracuse, New York 13202, or any other attorney entering an appearance for Defendant in this action, shall be deemed personal service for all correspondence, service and notices as to any matters related to the Final Consent Judgment, unless Defendant notifies the Commission of any

alternative address by certified mail at the following address: David Markowitz, Assistant

Regional Director, U.S. Securities and Exchange Commission, Northeast Regional Office, 3

World Financial Center, Room 4300, New York, New York 10281.


Dated:  _May 4_ , 2005                    _Michael J. Lawler_
                                          Michael J. Lawler

Acknowledged by:

STATE OF  _N.Y._  )
                                    ss.:
COUNTY OF _Onondaga_

        On this _4th_ day of _May_ , 2005, before me personally appeared Michael J.
Lawler, to me known to be the person who executed the foregoing Consent of Defendant Michael
J. Lawler.


_____
NOTARY PUBLIC
                    EMIL M. ROSSI
            Notary Public, State Of New York
                    No. 4513286
            Qualified In Onondaga County
Approved as to form: Commission Expires December 31, 05


_____
Emil M. Rossi, Esq.
The Hamilton White House,
307 South Townsend Street
Syracuse, New York 13202
Telephone: (315) 471-0126
Attorney for Defendant Michael J. Lawler


**SO ORDERED.**


Dated: _Sept. 29_, 2005            _____
       _Utica_ , NY                 **United States District Judge**


14